87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CONTINENTAL AIRLINES, INC., Petitioner-Appellee,
v.
Alecia B. MASON, Respondent-Appellant.
 No. 95-55343.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1996.
Decided June 19, 1996.
 
 1
 Before: BRUNETTI and RYMER, Circuit Judges, and TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Alecia B. Mason ("Mason") appeals the district court's Order compelling arbitration of her claims against Continental Airlines ("Continental") of employment discrimination, wrongful termination, and infliction of emotional distress. We have jurisdiction over this timely appeal and affirm.
 
 STANDARD OF REVIEW
 
 4
 We review de novo the district court's order compelling arbitration. Zolezzi v. Dean Witter Reynolds, Inc., 789 F.2d 1447, 1449 (9th Cir.1986).
 
 DISCUSSION
 
 5
 Mason argues that she should not be compelled to arbitrate her claims because the acknowledgement of receipt she signed nor the employee handbook's appeal/arbitration procedure contains an express waiver of her rights to sue (and obtain a jury trial) and is unclear as to what claims are arbitrable.[1] She also argues that Continental's appeal/arbitration procedure contained in the employee handbook is an unconscionable adhesion contract.
 
 
 6
 Mason's first argument that she should not be bound by the handbook's arbitration procedure is in two parts. One, she argues that she should not be bound because the acknowledgement of receipt of the employee handbook nor the appeal/arbitration procedure within the handbook contain an express waiver of her rights to sue Continental, and two, that the appeal/arbitration procedure as set out is unclear as to what claims are arbitrable.
 
 
 7
 We agree with the district court's decision holding that there need not be an express waiver of her rights and that her claims of sexual discrimination, wrongful termination, and infliction of emotional distress are arbitrable under the policy in the handbook. In Madden v. Kaiser Foundation Hospitals, 552 P.2d 1178, 1186-1188 (Cal.1976), the California Supreme Court held that a party to an arbitration procedure is bound to arbitrate even if the arbitration clause does not contain an express waiver of the party's right to a jury trial.
 
 
 8
 Mason's reliance on Chan v. Drexel Burnham Lambert, Inc., 223 Cal.Rptr. 838 (Cal.App.1986) and on Prudential Ins. Co. of America v. Lai, 42 F.3d 1299 (9th Cir.1994) is misplaced. The court in Chan merely decided that when a document incorporates another by reference, the reference must be clear and unambiguous, and any ambiguity in the referring document will be construed against the drafter. Chan, 223 Cal.Rptr. at 845. All of these requirements are met here. Not only does the acknowledgment form clearly and unequivocally refer to the employee handbook (and only the employee handbook), but employees--including Mason--are given a copy of the employee handbook simultaneously with the acknowledgment form and are directed to read and abide by its rules.
 
 
 9
 Similarly, Lai does not help Mason. Lai, decided under the Federal Arbitration Act and not California law, is factually distinct from this case. The two employees of Prudential signed a form that indicated an agreement to arbitrate; however, they were told the document meant something else and were not allowed to read it, and were not given a copy of the arbitration procedure incorporated by the document they signed. Lai, 42 F.3d at 1301. The court held that the employees were not bound to arbitrate "because they did not knowingly contract to forego their statutory remedies in favor of arbitration" Lai, 42 F.3d at 1305. In contrast, Mason knew what she signed, was given the handbook that contained the appeal/arbitration policy, and had used the appeal/arbitration procedure to grieve on another issue. Furthermore, this case relies exclusively on California law, and in view of California's " 'strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution' " Moncharsh v. Heily & Blase, 832 P.2d 899, 902 (Cal.1992) (citing cases), we hold that Mason is bound to arbitrate her claims.
 
 
 10
 Mason also attempts to avoid arbitration by arguing that the employee handbook is a contract of adhesion and the appeal/arbitration procedure is unconscionable. "Clearly, courts may enforce reasonable and fair arbitration provisions contained in contracts of adhesion." Dryer v. Los Angeles Rams, 709 P.2d 826, 832 n. 9 (Cal.1985). Generally, contracts of adhesion or parts thereof will be enforced unless they violate the reasonable expectations of the weaker party or if the contract is unduly oppressive or unconscionable. Graham v. Scissor-Tail, Inc., 623 P.2d 165, 172-173 (Cal.1981). Mason's claim of "surprise" to find an arbitration procedure buried in her 70-plus page employee handbook cannot withstand scrutiny. She was on the committee charged with discussing the policy with Continental and distributing the handbooks and, as the district court found, she had used the appeal/arbitration procedure in the past. She cannot now claim she was unaware of the appeal/arbitration procedure.
 
 
 11
 Mason claims that the appeal/arbitration procedure was unconscionable because it did not provide for discovery or legal counsel is meritless. In order to be unconscionable, a contract clause must "shock the conscience." California Grocers Ass'n. Inc. v. Bank of America, 27 Cal.Rptr.2d 396, 402 (Cal.App.1994). There is nothing that shocks the conscience about an arbitration procedure that does not provide for discovery or legal representation. See, Painters Dist. Council No. 33 v. Moen, 181 Cal.Rptr. 17, 19 (Cal.App.1982).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Continental goes to great lengths to argue that Mason has waived her argument as to the "scope" of the arbitration agreement. We disagree. We do not read Mason's arguments below as narrowly as does Continental. She raised the issue of "scope" below at p. 10 lines 5-9 of her Opposition to Continental's Petition to Compel Arbitration. Also, the district court's order expended two and one-half pages on the applicability of the arbitration clause to Mason's claims. Order § II A pp 4-6. The district court addressed the issue below and so shall we